UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-60203 (Cohen)

**UNITED STATES OF AMERICA**

    **Plaintiff,**

vs.

**STEPHANIE DIANE SMITH,**

    **Defendant,**

_____/

<u>**MOTION FOR *BOOKER* VARIANCE**</u>

Defendant, **STEPAHIE DIANE SMITH ("Ms. Smith")**, through counsel, respectfully requests that the Court impose a sentence below the advisory guideline imprisonment range pursuant to 18 U.S.C § 3553 and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). In support thereof, Ms. Smith states:

### Background

Ms. Smith awaits sentencing after a jury found him guilty of two counts of wire fraud, in violation of 18 U.S.C. § 1343. The counts of conviction were part of an indictment that charged Ms. Smith with fraudulently obtaining loans from the Small Business Administration that were intended to assist businesses that suffered financial injury due to the COVID epidemic. (DE 217).

Ms. Smith is a 54-year-old woman with no criminal history, and thus no criminal history points. PSIR ¶¶ 64.

Ms. Smith is a 28-year veteran in corrections and law enforcement, having worked with the Broward Sheriff's Office since the inception of her career. Because of her adoration for working with and counseling youth, Ms. Smith served as a school resource officer at the same Broward County School District for 19 years, up until her arrest in this case. She has also assisted underprivileged youth as a school resource officer and as a basketball trainer and coach. Ms. Smith is well-known and well-respected within her community, as well as the law enforcement community. entrepreneur. Until her involvement in the instant offense, Ms. Smith had demonstrated her ability to be a law-abiding and productive citizen. Ms. Smith has zero criminal history points. PSIR ¶ 59.

In addition to having demonstrated the ability to be a law-abiding and productive citizen, Ms. Smith has strong support from family and friends. Several of Ms. Smith's friends and family members have submitted or will submit letters attesting to her character and requesting leniency prior to the sentencing hearing.

Ms. Smith is married and her wife, Collete, is a disabled veteran and retired Broward Sheriff's Office deputy. PSIR ¶ 70 Ms. Smith has two siblings who are both gainfully employed. One of her brothers, Edwin is in banking management with Wells Fargo, and her younger brother, Henry, is supervisor in the Child Abuse Unit of the Broward School District. PSIR ¶ 70.

.

.

In *Booker v. United States*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court excised the statutory provision in 18 U.S.C. § 3553 that made the Sentencing Guidelines mandatory, thereby rendering them advisory. *Id*. at 244-46, 125 S. Ct. at 756-57. While this Court must still correctly calculate the guideline range, there is no presumption that a guideline sentence is a reasonable and appropriate sentence. *Gall v. United States*, 552 U.S. 38, 49-50, 128 S. Ct. 586, 597 (2007). The Court must make an individualized assessment based on the facts presented. *Id*.

When fashioning such a sentence, the sentencing court must consider the factors set out in 18 U.S.C. ' 3553(a). Those factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed-
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment or the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the advisory guideline range;
>
> (5) any pertinent policy statements issued by the Sentencing Commission;

> (6) the need to avoid unwarranted sentence disparities; and
>
> (7) the need to provide restitution to any victims of the offense.

The statute contains an overarching provision instructing district courts to impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing. *See Kimbrough v. United States,* 552 U.S. 82, 101 128 S. Ct. 558, 570 (2007) citing 18 U.S.C. § 3553.

It has been a uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crimes and punishment to ensue. *Pepper v. United States*, 131 S. Ct. 1229, 1239-40 (2010). Both Congress and the Sentencing Commission have expressly preserved the traditional discretion of sentencing courts to conduct an inquiry broad in scope, largely unlimited either as to the kind of information they may consider, or the source from which it may come. *Pepper*, 131 S. Ct at 1240. Congress could not have been clearer in directing that "[n]o limitation ... be placed on the information concerning the background, character, and conduct of a defendant that a district court may receive and consider for the purpose of imposing an appropriate sentence." *Id*. citing 18 U.S.C. § 3661.

In this case, Ms. Smith is requesting that the Court sentence her to a term of probation or, alternatively, supervised released with a special condition of home confinement.  While the offenses of conviction are serious, the offenses involved no violence, weapons, controlled substances, or physical injury. Additionally, Ms. Smith

respectfully submits that she was deceived by Ms. Dora Smith, the individual that prepared her applications.

Furthermore, Ms. Smith, unlike many defendants convicted of fraudulently obtaining COVID relief loans, owned an actual legitimate business as opposed to a fictional business. Nor is there any evidence that Ms. Smith used the proceeds of the loan to make lavish purchases. The money that Ms. Smith received from the SBA was invested in her two businesses.

One of the goals of sentencing is to avoid unwanted sentencing disparities. Ms. Smith was one of 17 BSO deputies arrested for PPP Loan fraud. As of March 2024, those sentenced so far entered pleas, have been ordered to pay back their loan proceeds and have received no prison time. Instead, they were sentenced to probation ranging from one year to five years. Ms. Smith should receive a comparable sentence to the other deputies that were convicted.

A sentence of probation is available and statutorily permissible. PSIR ¶ 117. A sentence to a term of probation would allow Ms. Smith to continue working toward paying the COVID loans that she lawfully obtained and allow her to immediately begin paying restitution for the counts of conviction.

Ms. Smith further submits that a sentence of imprisonment is not necessary to deter her from future criminal conduct. The United States Sentencing Commission has found that older individuals are substantially less likely to recidivate as compared with younger offenders. *See* U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among Federal Offenders (2017) at 3,

https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf. The Sentencing Commission found that only 12.2 % of offenders between the age 50 and 59, who have some college education will reoffend. *Id,* Appendix*,* A-39.

Given the nature of the instant offense and Ms. Smith's previous successful completion of a five-year term of supervised release, a sentence to a term of probation is adequate to deter Ms. Smith from committing additional criminal conduct.  Under the totality of circumstances in this case, a sentence to a term of probation is sufficient to satisfy the goals of sentencing.

**WHEREFORE**, the Defendant, **STEPHANIE DIANE SMITH**, respectfully requests that the Court grant the Motion for Downward Booker Variance and impose a sentence of a term of probation or, alternatively, supervised release with a special condition of home confinement.

    Respectfully submitted,

/s/ **_Johnny L. McCray, Jr., Esq____**
Johnny L. McCray, Jr., Esquire
Co-counsel for Defendant Smith
Florida Bar No. 342310
400 East Atlantic Boulevard
Pompano Beach, Florida 33060
(954) 781-3662
Mccrayjlaw@gmail.com

/s/ **_Daryl E. Wilcox_**
Daryl E. Wilcox, Esquire
Co-counsel for Defendant Shazier
Florida Bar No.838845
5201 S.W. 18th Street
Plantation, Florida 33317
(954) 303-1457
darylewilcox06@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY certify that on **May 26, 2024**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.